UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HOUSTON,

    Plaintiff,

v.

                                                        Case No. 12-13211
                                                        Hon. Lawrence P. Zatkoff

CITY OF FLINT POLICE DEPARTMENT,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment [dkt 14] and Plaintiff's Motion to Amend [dkt 16]. The summary judgment motion has been fully briefed.[1] Defendant responded to Plaintiff's motion to amend, but Plaintiff failed to file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion to amend is DENIED.

---

[1] Plaintiff failed to file a response brief to Defendant's motion within the time period prescribed by E.D. Mich. L.R. 7.1(e)(1)(B). As such, the Court ordered Plaintiff to show cause as to why no response was filed. The Court also afforded Plaintiff an opportunity to file a response brief if he desired. Plaintiff timely filed a response brief, but did not address why he failed to initially file a response brief. The Court admonishes Plaintiff and his counsel to carefully appreciate and adhere to all aspects of the Court's orders, as further non-compliance could result in sanctions.

## II. BACKGROUND

A. FACTUAL BACKGROUND

Plaintiff alleges that City of Flint police officers were dispatched to his home in Flint, Michigan, in the early morning hours on April 4, 2010. The officers responded to an alleged domestic dispute between Plaintiff and his wife. Before the officers arrived, Plaintiff momentarily left his home in his vehicle. Upon his return, Plaintiff states that four officers and multiple squad cars were present. Because Plaintiff's wife informed the officers that Plaintiff was armed, he was ordered to exit his car and place his hands on the hood. Plaintiff complied with the directive and was approached by one of the officers. According to Plaintiff, that officer struck and or pushed Plaintiff's lower back with an open palm causing Plaintiff to be pressed against his car. The officer then handcuffed him and marshaled him into the back of a police cruiser. Plaintiff was not charged with committing a crime.

B. PROCEDURAL BACKGROUND

Plaintiff filed his complaint against Defendant City of Flint Police Department ("Defendant") on July 20, 2012. In his complaint, Plaintiff alleges the following claims: violation of the Michigan Constitution (Count I); violation of the Fourth Amendment to the United States Constitution for unreasonable seizure and excessive force (Count II); and violation of 42 U.S.C. § 1983 for unreasonable seizure and excessive force (Count III).[2] On August 8, 2012, the Court dismissed Plaintiff's state-law claim (Count I).

Defendant filed the instant motion requesting that the Court grant it summary judgment on Plaintiff's remaining claims.

---

[2] Though labeled as separate causes of action, Plaintiff's Counts II and III contain almost identical factual predicates. Accordingly, the Court considers these Counts merely as one cause of action, asserting Fourth Amendment violations of unreasonable seizure and excessive force brought under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (explaining that section 1983 does not itself create federal rights, but rather provides judicial relief for the violation of rights arising under the Constitution or laws of the United States).

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion

for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. MOTION FOR SUMMARY JUDGMENT

Defendant seeks dismissal of Plaintiff's claims on two fronts. First, Defendant argues that the actions of the police officer fail to constitute excessive force or an unreasonable seizure. And second, even if Plaintiff were able to offer evidence of constitutional infringements, his claims nevertheless fail because Plaintiff cannot demonstrate that the alleged excessive force or unreasonable seizure was mandated by an unconstitutional custom or policy of Defendant. The Court agrees.

For Defendant to be found liable, Plaintiff must first offer summary judgment evidence proving that an employee (*i.e.*, police officer) of Defendant subjected Plaintiff to constitutional harm. *See Ewolski v. City of Brunswick*, 287 F.3d 492, 516 (6th Cir. 2002) ("Where, as here, a municipality's liability is alleged on the basis of the unconstitutional actions of its employees, it is necessary to show that the employees inflicted a constitutional harm."). Here, Plaintiff alleges that he was subjected to excessive force and unreasonable seizure under the Fourth Amendment when a police officer—with an open palm—struck and or shoved Plaintiff and then placed him in the squad car. Remarkably, though, it has been more than one year since Plaintiff filed his complaint and he has yet to identify by name the police officer that allegedly undertook these actions. Moreover, Defendant's records do not indicate that Plaintiff even had contact with its department on April 4, 2010. The *only* evidence of this alleged "constitutional harm" is Plaintiff's self-serving deposition testimony that vaguely describes the events at issue. This is simply not enough for Plaintiff to meet his burden at this posture in the litigation. *See* Fed. R. Civ. P. 56(c)(1)(a). Accordingly, Plaintiff's theory fails on this basis alone.

4

Even assuming that the unknown police officer effectuated excessive force or an unreasonable seizure as alleged, Plaintiff's failure to detail—let alone establish—any factual basis of a purported unconstitutional custom or policy of Defendant warrants dismissal of his claims. Generally, a municipality cannot be held liable under 42 U.S.C. § 1983 on the theory of *respondeat superior*. Municipal liability lies only when injuries inflicted are done pursuant to the municipality's custom or policy. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to state a claim under the theory of municipal liability, a plaintiff must "identify the policy, connect the policy to the City itself and show that a particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

Here, Plaintiff's response brief wholly fails to mount a defense to Defendant's arguments that the municipal liability theory fails as a matter of law. Plaintiff does not make *any* factual allegations identifying a supposed unconstitutional custom or policy of Defendant *or* that Plaintiff incurred constitutional harm due to the execution of Defendant's custom or policy. *See Celotex*, 477 U.S. at 324 (explaining that once the moving party has met its burden, the non-moving party must come forward with specific facts to demonstrate there is a genuine issue for trial). Rather, it appears that Plaintiff desires to hold Defendant liable for the actions of the unknown police officer merely because that officer was employed by Defendant. Such a theory, however, is foreclosed by well-established Supreme Court precedent. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–79 (1986) (recognizing that a municipality cannot be held liable by application of the doctrine of *respondeat superior* (citing *Monell*, 436 U.S. at 692–94)). Thus, Plaintiff has failed to demonstrate facts allowing a reasonable jury to conclude that Defendant implemented a custom or policy that resulted in the purported violation of Plaintiff's constitutional rights. Accordingly, the Court grants Defendant's motion for summary judgment as to all of Plaintiff's claims against Defendant.

**B. LEAVE TO AMEND COMPLAINT**

Plaintiff seeks leave to amend his complaint to add Fifth, Eighth and Fourteenth Amendment claims against Defendant. Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires," but "that window of opportunity does not remain open forever." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (*citing Ford v. Ford*, 371 U.S. 187 (1962)). When a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Even were the Court to excuse the dilatory nature of Plaintiff's motion for leave, the motion nonetheless lacks merit because the proposed claims would be futile. First, the Fifth Amendment only prohibits due process violations by the federal government and is therefore inapplicable here. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). Next, the Eighth and Fourteenth Amendments are likewise inapposite because Plaintiff was a "free citizen" at the time of the incident on April 4, 2010. *See Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008) ("[I]f the plaintiff was a free person, and the use of force occurred in the course of an arrest or other seizure, then the plaintiff's claim arises under the Fourth Amendment . . . ."). As such, addition of the proposed claims to Plaintiff's complaint would be futile and the Court denies Plaintiff's motion for leave to amend.

6

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [dkt 14] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend [dkt 16] is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
Hon. Lawrence P. Zatkoff<br>
U.S. District Judge

Dated: October 18, 2013